UNITED STATES of America, Plaintiff–Appellee,

v.

Oscar OLIVA–BANEGAS, Defendant–Appellant.

No. 03–41534
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 18, 2004.

James Lee Turner, Assistant U.S. Attorney, Julia Bowen Stern, Assistant U.S.

---

Attorney, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, John S. Paul, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM: *

Oscar Oliva–Banegas (Oliva) pleaded guilty to one count of illegal reentry into the United States, and the district court sentenced him to 30 months in prison and a three-year term of supervised release. Oliva contends that the district court erred by characterizing his state felony conviction for simple possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). This issue, however, is foreclosed by our precedent. *See United States v. Caicedo–Cuero,* 312 F.3d 697, 706–11 (5th Cir.2002), *cert. denied,* 538 U.S. 1021, 123 S.Ct. 1948, 155 L.Ed.2d 864 (2003); *United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997).

Oliva contends that 8 U.S.C. § 1326(b) is unconstitutional because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

The district court's judgment is

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.